UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY AKITI,<br><br>Defendant. | Case No. 11-CR-0050(2) (PJS/FLN)<br>Case No. 14-CV-2391 (PJS)<br><br><br>ORDER |

Anthony Akiti, defendant pro se.

Defendant Anthony Akiti was convicted by a jury of armed credit-union robbery and obstruction of justice and was sentenced to a total of 97 months in prison and 5 years of supervised release.[1]  ECF No. 97.  The United States Court of Appeals for the Eighth Circuit affirmed Akiti's conviction on direct appeal.  *See United States v. Akiti*, 701 F.3d 883 (8th Cir. 2012).  The Supreme Court denied Akiti's petition for writ of certiorari on June 24, 2013.  ECF No. 155.  Akiti then petitioned for rehearing, which the Supreme Court denied on August 30, 2013.  ECF No. 156.

This matter is before the Court on Akiti's motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence.  For the reasons that follow, the motion is denied. Because the record conclusively demonstrates that Akiti is not entitled to relief, no hearing is necessary.  28 U.S.C. § 2255(b); *Noe v. United States*, 601 F.3d 784, 792 (8th Cir. 2010).

---

[1] In his briefing, Akiti states that he was sentenced to 117 months in prison; later, he states that he received a life sentence.  ECF No. 158 at 9, 13.  Both of these assertions are incorrect, and both are typical of the lack of candor that Akiti displays in his pro se submissions.  Akiti was sentenced to 97 months on the robbery charge and 20 months on the obstruction charge, with the two terms to be served concurrently.  ECF No. 97 at 2.  Thus, he must spend 97 months in prison — not life, and not 117 months.

Akiti raises three grounds in his § 2255 motion. First, he alleges that his trial counsel failed to advise him of the risks of going to trial. Second, he alleges that the Court erred in applying a four-level enhancement to his base-offense level under the Sentencing Guidelines. Finally, he alleges that his trial counsel failed to investigate and "perform certain pretrial functions," thereby failing to provide effective assistance of counsel.

With respect to Akiti's claim regarding an error in his guidelines calculation: Akiti seems to contend that the Court erred in applying a four-level enhancement for his role in the offense. The factual premise of this argument is wrong; as the presentence investigation report ("PSR") indicates, Akiti was found to be an average participant, and he was not given any enhancement for his role in the offense. PSR ¶ 32. Setting that aside, this claim fails for two additional reasons. First, Akiti admits that he did not raise it on direct appeal, and it is therefore procedurally defaulted. *See Jennings v. United States*, 696 F.3d 759, 762 (8th Cir. 2012) ("a petitioner may not raise an issue before the district court for the first time in a § 2255 motion if the issue was not presented on direct appeal from the conviction"). Second, ordinary errors in interpreting the guidelines are not cognizable under § 2255. *See Sun Bear v. United States*, 644 F.3d 700, 704-06 (8th Cir. 2011) (en banc).

With respect to Akiti's claims of ineffective assistance of counsel: Akiti first claims that his trial counsel failed to advise him of the risks of going to trial. The record reflects that the government offered a plea agreement under which Akiti would plead guilty to the obstruction-of-justice charge in exchange for dismissal of the robbery charge. ECF No. 59 (describing proposed plea agreement). With Akiti's consent, the Court scheduled a change-of-plea hearing. ECF Nos. 54, 59. Akiti's counsel also requested that the Court continue the trial in view of the

parties' ongoing plea negotiations. ECF No. 55. Ultimately, however, Akiti chose not to plead guilty. ECF No. 59.

Akiti now alleges that his trial counsel "blatantly failed to advise Akiti of the risks of going to trial rather than accepting a plea offer from the government." ECF No. 158 at 8. Akiti does not explain what his counsel failed to tell him, however, nor does he allege that, but for his counsel's alleged failure to give him the unspecified information, he would have pleaded guilty. In his briefing, Akiti claims that his trial counsel gave him "a signed affidavit stating he was ineffective during critical stages of prosecution," ECF No. 158 at 13, but Akiti does not further describe what this affidavit allegedly said nor provide a copy of it to the Court. Moreover, from the day that he was indicted, Akiti has adamantly insisted that he committed no crime. Indeed, at the sentencing hearing, this Court specifically cited the fact that Akiti has not at any time acknowledged — much less expressed regret for — either of his crimes, despite the fact that the evidence against him was overwhelming. Because Akiti has neither specifically described how his counsel's performance was deficient nor alleged that he would have pleaded guilty if he had been properly advised, his claim fails.[2]

Akiti next alleges that his trial counsel was ineffective for failing to investigate and "perform certain pretrial functions . . . ." Specifically, Akiti claims that his counsel (1) failed to

---

[2]*See Lafler v. Cooper*, 132 S. Ct. 1376, 1385 (2012) (defendant must show that, but for the ineffective advice of counsel, there is a reasonable probability that he would have accepted the plea); *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995) ("To command an evidentiary hearing, the movant must present some credible, non-conclusory evidence that he would have pled guilty had he been properly advised."); *Evans v. United States*, 200 F.3d 549, 551 (8th Cir. 2000) (court may deny a § 2255 motion without a hearing if the defendant's allegations are merely conclusory); *Ivy v. United States*, 103 F.3d 135 (Table), No. 96-1424, 1996 WL 678378, at *1 (8th Cir. Nov. 25, 1996) (per curiam) (claim that failed to allege how counsel was ineffective was too vague and conclusory to merit relief).

conduct an investigation showing how Akiti's childhood and drug history influenced the way he behaved; (2) failed to conduct any discovery before the proceedings began, and as a result failed to realize that certain evidence might have been the appropriate subject of a suppression motion; and (3) failed to obtain a psychiatric evaluation of Akiti.

These conclusory allegations are not sufficient to entitle Akiti to relief or to require an evidentiary hearing.  *See Winters v. United States*, 716 F.3d 1098, 1103 (8th Cir. 2013) (no hearing is required where allegations are contradicted by the record or are conclusions rather than statements of fact); *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (no hearing is required where § 2255 claim is inadequate on its face); *Brown v. United States*, 656 F.2d 361, 363 (8th Cir. 1981) (to be entitled to an evidentiary hearing, defendant must allege facts that would entitle him to relief; mere unsupported conclusions do not suffice).

Akiti does not identify a single piece of evidence that could have been the subject of a meritorious suppression motion, nor does he identify a single item of discovery that his counsel should have undertaken.  He also fails to offer any specific information about his childhood or his alleged drug use, and the record contradicts any implication that there was anything regarding these topics for his counsel to discover.  According to the PSR, Akiti told the probation officer that he experienced a normal (indeed, a privileged) childhood in Ghana without any abuse or neglect.  PSR ¶ 58.  He also reported that he had no history of mental-health treatment and that he had attended college.  PSR ¶¶ 59, 67.  He admitted to drinking socially, using alcohol to fight depression resulting from his marriage, and smoking marijuana approximately once a month, but he denied any other drug use, and he said that he had never received substance-abuse treatment.  PSR ¶¶ 68-69.

Akiti does not allege a single fact that contradicts any of this information.  In light of Akiti's own statements to the probation officer, his conclusory claims that his counsel should have taken some unspecified discovery, moved to suppress unspecified evidence, and presented other unspecified evidence concerning his drug use, mental state, and childhood are insufficient on their face.  *See Wheeler v. United States*, 340 F.2d 119, 121 (8th Cir. 1965) (per curiam) (bald assertions of insanity at time of crime and incompetency at time of trial without any supporting facts were insufficient to require evidentiary hearing).  Akiti's § 2255 motion is denied.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [ECF No. 157] is DENIED.

2. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 7, 2014    s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge