UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

Plaintiff,

v.

ANTHONY AKITI,

Defendant.

Case No. 11-CR-0050(2) (PJS/FLN)
Case No. 14-CV-2391 (PJS)

ORDER

Michael L. Cheever, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Anthony Akiti, pro se.

This matter is before the Court on defendant Anthony Akiti's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(a) and (b)(3). Akiti also moves for the undersigned's recusal and seeks an order sealing an earlier motion filed under 28 U.S.C. § 2255. For the reasons that follow, Akiti's motion is denied.

Akiti was convicted by a jury of armed credit-union robbery and obstruction of justice and was sentenced to a total of 97 months in prison and 5 years of supervised release. ECF No. 97. The evidence against him was overwhelming. The United States Court of Appeals for the Eighth Circuit affirmed Akiti's conviction on direct appeal. *See United States v. Akiti*, 701 F.3d 883 (8th Cir. 2012). The Supreme Court denied Akiti's petition for writ of certiorari. ECF No. 155. Akiti petitioned for rehearing, which the Supreme Court also denied. ECF No. 156.

Akiti then filed a motion to vacate, set aside, or correct his sentence pursuant to

28 U.S.C. § 2255.  That motion appeared to be timely, if barely.  The Supreme Court had

denied Akiti's petition for certiorari on June 24, 2013, which meant that Akiti's § 2255

motion was due on or before June 24, 2014.  *See* ECF No. 155; 28 U.S.C. § 2255(f)(1)

(one-year limitation period runs from the date on which the judgment of conviction

becomes final); *Clay v. United States*, 537 U.S. 522, 527 (2003) (conviction becomes final

when the Supreme Court denies a petition for certiorari).[1]  The Court received and

docketed Akiti's original § 2255 motion on June 26, 2014.  ECF No. 157.  That was two

days after the June 24 deadline, but Akiti had signed a certificate of service indicating

that he had placed the § 2255 motion in the mail on June 20, 2014.  ECF No. 158 at 18.

The Court accordingly (and probably wrongly[2]) treated the motion as timely under the

---

[1]The fact that Akiti later filed a petition for rehearing before the Supreme Court did not extend this deadline.  *See Campa-Fabela v. United States*, 339 F.3d 993, 993-94 (8th Cir. 2003) (per curiam).

[2]Akiti was likely lying when he swore that he mailed his motion on June 20. Akiti used Federal Express to deliver his motion to the Court.  The Federal Express receipt is dated June 25, 2014—five days after Akiti says he mailed his motion.  ECF No. 157-1.  Moreover, the receipt indicates that Akiti paid for overnight delivery and that the motion was accordingly delivered to the Court on June 26.  *Id.*  Thus, Akiti's delivery of his motion to Federal Express—and Federal Express's delivery of the motion to the Court—both occurred after expiration of the June 24 deadline.

The Court also notes that Rule 3(d) of the Rules Governing § 2255 Proceedings for the United States District Courts requires that, to be entitled to the benefit of the prison-mailbox rule, the prisoner must use the prison's internal mail system (not

(continued...)

prison-mailbox rule.  *See* Rule 3(d), Rules Governing § 2255 Proceedings for the United States District Courts.

On July 8, 2014, this Court entered judgment denying Akiti's § 2255 motion.  ECF Nos. 159, 160.  The Eighth Circuit declined to issue a certificate of appealability and dismissed Akiti's appeal.  ECF No. 167.

Akiti's latest motion is based on the remarkable claim that Akiti did not file the § 2255 motion.  Instead, Akiti claims, an imposter (whose identity is not known) filed the fraudulent § 2255 motion in order to deprive the real Akiti of his opportunity to file a legitimate § 2255 motion.  Akiti asks that the real Akiti now be given an opportunity to file a (very late) § 2255 motion.  Putting aside the utter implausibility of Akiti's claim, there are many reasons why his Rule 60 motion fails:

First, Akiti's Rule 60 motion is untimely.  Under Rule 60(c), a motion for relief under subdivisions (b)(1), (b)(2), or (b)(3) must be brought no later than one year after the entry of the judgment.[3]  The one-year period began running on the date that this

---

[2](...continued)
Federal Express) for legal mail if such a system is available.

[3]Akiti also purports to bring his motion under Rule 60(a), which authorizes a court to correct clerical mistakes, oversights, and omissions at any time.  But the Court's treatment of Akiti's § 2255 motion as a legitimate filing cannot be characterized as a clerical mistake, oversight, or omission.  As a result, Akiti cannot avoid the time limits in Rule 60(b).  *See Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975) (absent a clerical error, a party cannot take advantage of the liberal time provision in Rule 60(a)); *cf.*

(continued...)

Court entered judgment denying the § 2255 motion, not the date of the Eighth Circuit's

decision dismissing the appeal.  *See Jones v. Swanson*, 512 F.3d 1045, 1048-49 (8th Cir.

2008) (where amended judgment after appeal only altered the amount of damages, the

one-year limitations period for a Rule 60 motion attacking liability began running on the

date of the original judgment); *The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1088-

89 (10th Cir. 2005) ("the one-year time limit in Rule 60(b) runs from the date the

judgment was 'entered' in the district court; it does not run from the date of an

appellate decision reviewing that judgment").

The Court entered judgment denying the § 2255 motion on July 8, 2014, *see* ECF

No. 160, a year and a half before Akiti filed his Rule 60(b)(3) motion on January 8, 2016.

Akiti's motion is therefore untimely.  A district court has jurisdiction to entertain a

Rule 60(b) motion even while an appeal is pending, and thus the fact that Akiti

---

[3](...continued)
*Copper v. City of Fargo*, 184 F.3d 994, 998 (8th Cir. 1999) (per curiam) (rejecting the plaintiff's attempt to characterize the district court's failure to issue an order granting a new trial as a "clerical error" within the ambit of Rule 60(a)); *Kocher v. Dow Chem. Co.*, 132 F.3d 1225, 1229 (8th Cir. 1997) (Rule 60(a) corrections are for the purpose of accurately reflecting the decision that court actually made, not to alter the substance of the decision).

In his reply brief, Akiti mentions Rule 60(b)(6), a catch-all provision to which the one-year limit does not apply.  Absent special circumstances, however, Rule 60(b)(6) may not be used to vacate a judgment on the basis of third-party fraud after more than one year.  *Jones v. Swanson*, 512 F.3d 1045, 1049 (8th Cir. 2008).  There are no special circumstances in this case; Akiti first alleged fraud nearly a year and a half ago, when he filed his notice of appeal.  *See* ECF No. 161.

appealed the judgment is irrelevant.  *Fed. Land Bank of St. Louis v. Cupples Bros.*, 889 F.2d 764, 766-67 (8th Cir. 1989) (Rule 60(b)(3) motion can be brought even though an appeal is pending and the pendency of an appeal does not toll the one-year limitations period).

Akiti contends that the notice of appeal that he filed on August 4, 2014, should have been treated as a (timely) Rule 60(b) motion.  This contention is meritless.  The document that Akiti filed is entitled "Petitioner: Akiti's 'Notice of Appeal' Appealing 'Document 159, Akiti's Section 2255 Denial Which Akiti Did Not File Did Not Sign & Did Not Submit to this Court [sic]."  ECF No. 161.  The document goes on to state that Akiti "hereby files this instant 'Notice of Appeal' pursuant to Fed. R. App. P. 3(c)(1) & 4(a) . . . ."  A few days later, Akiti received a letter from the Eighth Circuit notifying him of the receipt of his notice of appeal and explaining Eighth Circuit procedures for handling appeals.[4]  Pet'r's Add. [ECF No. 170] at 92.  During the five months that Akiti's appeal was pending before the Eighth Circuit, Akiti did not once object to the Eighth Circuit's assertion of jurisdiction over his case or notify either the Eighth Circuit or this Court that he had not intended to file a notice of appeal, but instead a Rule 60 motion.

---

[4]Akiti complains that this letter improperly recharacterized his notice of appeal as a motion for a certificate of appealability without warning him of any adverse consequences.  There were no adverse consequences to warn about, however, because a certificate of appealability is a prerequisite to appealing the denial of a § 2255 motion (which is exactly what Akiti was trying to do).  28 U.S.C. § 2253(c).  Moreover, the letter recharacterizing Akiti's motion was issued by the Eighth Circuit, not by this Court.

Akiti's contention that his notice of appeal was anything other than an appeal to the Eighth Circuit is simply an attempt to rewrite history.  Not surprisingly, Akiti cites no authority requiring a district court to treat a notice of appeal as a Rule 60(b) motion. Moreover, as the Court has already noted, the pendency of the appeal did not prevent Akiti from filing an actual Rule 60(b) motion.  *See Fed. Land Bank of St. Louis*, 889 F.2d at 766-67.  Akiti could have filed a timely Rule 60(b) motion, he did not, and that is the end of the matter.

In addition to being untimely, Akiti's motion faces another procedural bar:  The law-of-the-case doctrine precludes this Court from entertaining it.  The sole issue that Akiti raised in his notice of appeal was that the § 2255 motion was filed by an imposter without his knowledge or authorization.  ECF No. 161.  In other words, Akiti made before the Eighth Circuit precisely the argument that he now makes before this Court. After considering Akiti's argument, the Eighth Circuit refused to issue a certificate of appealability and dismissed Akiti's appeal.  The Eighth Circuit therefore necessarily rejecting Akiti's claim of fraud.  *See* ECF No. 167.  That ruling is now the law of the case and cannot be reviewed by this Court.  *See Klein v. Arkoma Prod. Co.*, 73 F.3d 779, 784-85 (8th Cir. 1996) (under law-of-the-case doctrine, issues resolved on appeal may not be relitigated in district court); *Jackson v. Corcoran*, 539 F. App'x 152 (4th Cir. 2013) (per curiam) (denial of certificate of appealability on a habeas petition is law of the case);

*Rowe v. Director, Dep't of Corr.*, 111 F. App'x 150, 151-52 (4th Cir. 2004) (per curiam) (denial of certificate of appealability in appeal in which petitioner sought remand for evidentiary hearing barred later Rule 60 motion for reconsideration seeking the same relief); *Banks v. Dretke*, 383 F.3d 272, 279 (5th Cir. 2004) (denial of certificate of appealability as to particular issue is law of the case); *Lloyd v. Marshall*, 152 F.3d 927 (9th Cir. 1998) (unpublished table decision) (previous panel's denial of certificate of appealability as to certain issues was law of the case).

Even if there were no procedural barriers to Akiti's motion, the motion fails on the merits. To prevail on a Rule 60(b)(3) motion, Akiti must show fraud by clear and convincing evidence. *See Cook v. City of Bella Villa*, 582 F.3d 840, 855 (8th Cir. 2009). Akiti makes two arguments to establish that an imposter filed a fraudulent § 2255 motion without his knowledge or authorization: (1) the motion was not properly signed under penalty of perjury; and (2) the motion was based on factual inaccuracies and meritless legal arguments. These assertions do not come remotely close to establishing fraud by clear and convincing evidence.

Akiti's first argument simply misrepresents the record. Both the § 2255 motion and the accompanying brief were, in fact, signed under penalty of perjury. *See* ECF No. 157 at 13; ECF No. 158 at 18. And the signatures that appear on those documents appear quite similar to the signatures that appear on other documents that Akiti had

previously submitted in this case. *See, e.g.*, ECF No. 176-1. Obviously, these signatures

are not evidence of fraud, much less clear and convincing evidence.

As for Akiti's second argument, the fact that his § 2255 motion misrepresented

the facts and made meritless arguments is also not evidence of fraud. If anything, it is

evidence that the motion was filed by the real Akiti, who is habitually dishonest and

who has made many meritless arguments in his prior filings. Indeed, Akiti's *current*

motion contains multiple factual misrepresentations and meritless arguments. To cite

just one example, Akiti argues—as he has in the past—that the undersigned

> not only taunt [sic] but made highly **prejudicial statements**
> by **declaring Akiti GUILTY** even before he was tried by a
> jury. The most shocking aspect was when he openly stated
> **WE ALLOW YOU IN OUR COUNTRY AND YOU'RE**
> **HERE ROBBING OUR BANKS**, even before Akiti's 2011
> jury trial.

ECF No. 169 at 8.

This is completely false. Akiti is referring to a discussion at the pretrial

conference regarding whether the prosecutor could introduce evidence about Akiti's

immigration status. Akiti is not an American citizen, but, at the time that he and his

codefendant robbed the credit union, he was lawfully present in the United States on a

student visa. At the pretrial conference, the Court expressed concern that Akiti might

be unfairly prejudiced under Fed. R. Evid. 403 if the jury learned of his immigration

status. Specifically, the Court said:

> The only way I could see it being prejudicial is *a juror*
> who would think this is a guest of our country and think
> more harshly of him because he is essentially a guest here
> and, you know, we let you here to come and study and you
> are robbing our banks or you're helping to rob our banks,
> that kind of backlash.  That's the only thing I could think of.

ECF No. 137 at 14-15 (emphasis added).  Clearly, the Court was identifying a way in which "a juror" might react to evidence of Akiti's immigration status and expressing concern that such evidence might therefore "be[] prejudicial" to Akiti.  Not only did the Court itself not "taunt" Akiti by referring to his immigration status, the Court *protected* Akiti by instructing the prosecutor not to do anything to encourage the type of "backlash" against Akiti that the Court feared:  "I . . . don't want any kind of winks or hints to the jury that, you know, he is not a citizen and so—you know."  ECF No. 137 at 13.

The real Akiti was, of course, in the courtroom during this discussion—and he has access to the trial transcript—and thus the real Akiti knows full well that the Court never "taunt[ed]" him, never "**declar[ed] Akiti GUILTY** even before he was tried by a jury," and never "openly stated **WE ALLOW YOU IN OUR COUNTRY AND YOU'RE HERE ROBBING OUR BANKS**."  On Akiti's logic, then, the Court should treat his present Rule 60 motion as fraudulent, because it contains factual assertions that the real Akiti would know are untrue.  In sum, the fact that Akiti's § 2255 motion—like all of his

other pro se submissions—contained factual misrepresentations and meritless arguments is not evidence that the motion was filed by anyone but Akiti.

Akiti has yet another problem:  Even if there were no procedural barriers to Akiti's motion—and even if Akiti could establish, by clear and convincing evidence, that he did not file or authorize the § 2255 motion that he now claims is fraudulent—Akiti still would not be entitled to the relief that he seeks, namely, the opportunity to file another § 2255 motion.  Akiti contends that he had no knowledge of the supposedly fraudulent § 2255 motion until he received the July 7, 2014 order denying his motion.  *See* ECF No. 169 at 2.  By July 2014, however, the one-year statute of limitations for Akiti to file a § 2255 motion had already run without Akiti filing anything.  The allegedly fraudulent § 2255 motion therefore did not cause Akiti any harm.  Akiti decided on his own not to file a timely § 2255 motion, and he made that decision at a time when he was unaware of the imposter's § 2255 motion.[5]  Because Akiti did not file a timely § 2255 motion, and because his failure to file a timely § 2255

_____

[5]This is one of many reasons why Akiti's story is risible.  What could an imposter hope to gain by filing a fake § 2255 motion on Akiti's behalf?  As described above, the imposter filed the fake § 2255 motion right before the one-year statute of limitations expired.  If the real Akiti had filed his own § 2255 motion, then the Court would have received two § 2255 motions, and the Court would quickly have uncovered the fraud.  And if the real Akiti had not filed a § 2255 motion, then the motion filed by the imposter could not have caused him any harm.  So why would an imposter spend weeks investigating Akiti's case, do extensive legal research, draft a motion and memorandum in support of the motion, and pay Federal Express for overnight delivery of the papers to Minneapolis?

motion had nothing to do with the allegedly fraudulent § 2255 motion, Akiti cannot file a § 2255 motion now.

Finally, Akiti moves for the undersigned to recuse from this case and seeks to have the earlier § 2255 motion and accompanying documents sealed. Akiti's recusal request is untimely. *See United States v. Rubashkin*, 655 F.3d 849, 858 (8th Cir. 2011) (a recusal motion must be made at the earliest possible moment after obtaining knowledge of facts demonstrating a basis for recusal). It is also without merit, as it is premised on baseless accusations of the type that are refuted above. *See Liteky v. United States*, 510 U.S. 540, 550-51 (1994) (judge's unfavorable opinion of defendant, based on evidence properly admitted at trial, is not grounds for recusal). As for the request to seal, given that Akiti has failed to establish that the § 2255 motion was filed by anyone other than himself, the Court sees no reason to seal it. Akiti's motion is therefore denied.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.      Defendant's motion for relief from judgment [ECF No. 169] is DENIED.

2.      To the extent a certificate of appealability is necessary, no certificate of appealability will issue.

Dated: March 3,  2016                        s/Patrick J. Schiltz
                                             Patrick J. Schiltz
                                             United States District Judge