UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 11-CR-0050(2) (PJS/FLN) |
| | Case No. 14-CV-2391 (PJS) |
| Plaintiff, | |
| v. | ORDER |
| ANTHONY AKITI, | |
| Defendant. | |

Michael L. Cheever, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Anthony Akiti, pro se.

On March 3, 2016, the Court denied defendant Anthony Akiti's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(a) and (b)(3), as well as his motion seeking the undersigned's recusal and the sealing of certain documents. Akiti filed a notice of appeal from that order on March 18, 2016.

This matter is before the Court on Akiti's motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). Akiti also again seeks the undersigned's recusal. Given the pendency of Akiti's appeal from the denial of his Rule 60 motion, it is unclear whether the Court has jurisdiction to rule on his Rule 59(e) motion.[1] Assuming that the

---

[1] The Eighth Circuit has explained that a notice of appeal filed while a Rule 59(e) motion is pending does not divest the district court of jurisdiction. *MIF Realty L.P. v. Rochester Assocs.*, 92 F.3d 752, 755 (8th Cir. 1996). In this case, however, Akiti filed his notice of appeal before filing the Rule 59(e) motion.

Court has jurisdiction, however, the motion is denied.  Akiti has submitted additional exhibits in support of his Rule 60 motion, but a Rule 59(e) motion cannot be used to introduce evidence or arguments that could have been offered or raised before the entry of judgment.  *Leonard v. Dorsey & Whitney LLP*, 553 F.3d 609, 620 (8th Cir. 2009).  All of the exhibits that Akiti seeks to introduce could have been included with his original Rule 60 motion.  Setting that aside, the Court notes that none of these exhibits alter the Court's conclusions in any way.  Similarly, the Court has already explained why it will not recuse from this case, and Akiti's arguments do not affect the Court's analysis.

Akiti's Rule 59(e) motion [ECF No. 189] is therefore DENIED.  To the extent a certificate of appealability may be necessary, no certificate of appealability will issue.

SO ORDERED.

Dated: April 6, 2016                                        s/Patrick J. Schiltz
                                                            Patrick J. Schiltz
                                                            United States District Judge